1   **WO**

2

3

4

5

6                IN THE UNITED STATES DISTRICT COURT

7                  FOR THE DISTRICT OF ARIZONA

8

9   United States of America,              )    CR 08-1518-PHX-JAT
                                           )
10              Plaintiff,                  )    **ORDER**
                                           )
11  vs.                                    )
                                           )
12                                         )
    David Alan Hickey,                     )
13                                         )
                Defendant.                 )
14                                         )
                                           )
    _____)
15

16          Pending before the Court is a Motion to Dismiss by Defendant David Alan Hickey

17  (Doc. #24.) Specifically, Defendant's first argument contends that 42 U.S.C. § 16913 is an

18  unconstitutional exercise of the Commerce Clause under Art. I, Section 8 of the United States

19  Constitution. The Government responded as though Defendant were arguing that 18 U.S.C.

20  § 2250 is unconstitutional under the Commerce Clause. It seems to the Court that the

21  Government's response does not respond to Defendant's actual argument. Further, some

22  district courts have addressed similar arguments and have found § 16913 to be

23  unconstitutional. *See e.g. U.S. v. Myers*, 591 F. Supp. 1312, 1330-37 (S.D. Fla. 2008); *U.S.*

24  *v. Guzman*, 582 F. Supp. 2d 305, 311-14 (N.D.N.Y. 2008); *U.S. v. Hall*, 577 F. Supp. 2d 610,

25  619-22 (N.D.N.Y. 2008) *app. pending*, No. 08-6004 (2d Cir. 2008); *U.S. v. Waybright*, 561

26  F. Supp. 2d 1154, 1162-68 (D. Mont. 2008), *app. pending,* No. 08-30260 (9th Cir. 2008);

27

28

1  *U.S. v. Powers*, 544 F. Supp. 2d 1331, 1333-36 (M.D. Fla. 2008).[1]

2       To assist the Court,

3       **IT IS ORDERED** that the Government file a supplemental brief by June 19, 2009,

4  addressing Defendant's first argument (Doc. #24 at 2-3) regarding the constitutionality of §

5  16913 and why the reasoning of cases cited above that support Defendant's reasoning are

6  either wrongly decided or distinguishable.

7       **IT IS FURTHER ORDERED** that if Defendant chooses to file a reply, the reply is

8  due by June 26, 2009.

9       DATED this 12th day of June, 2009.

10

11

12                          James A. Teilborg
                            United States District Judge

13

14

15

16

17

18

19

20

21

22
_____

23       [1] *But see U.S. v. Howell*, 552 F.3d 709, 713 (8th Cir. 2009); *U.S. v. Contreras*, 2008
WL 5272491 at *5 (W.D. Tex. 2008); *U.S. v. Torres*, 573 F. Supp. 2d 925, 938 (W.D. Tex.
24  2008); *U.S. v. Hann*, 574 F. Supp. 2d 827, 833 (M.D. Tenn. 2008); *U.S. v. Van Buren*, 2008
WL 3414012 at *12 (N.D.N.Y. 2008); *U.S. v. Trent*, 568 F. Supp. 2d 857, 864 (S.D. Ohio
25  2008); *U.S. v. Ditomasso*, 552 F. Supp. 2d 233, 245-46 (D.R.I. 2008); *U.S. v. Vardaro*, 575
F. Supp. 2d 1179, 1187 (D. Mont. 2008); *U.S. v. Elmer*, 2008 WL 4369310 at *4 (D. Kan.
26  2008); *U.S. v. Pena*, 582 F. Supp. 2d 851, 856 (W.D. Tex. 2008); *U.S. v. Hardeman*, 598 F.
27  Supp. 2d 1040, 1045 (N.D. Cal. 2009); *U.S. v. Dean*, 606 F. Supp. 2d 1340, 1355-56 (M.D.
28  Ala. 2009); *U.S. v. Hernandez*, 2009 WL 1396365 at *11-12 (E.D. Mich. 2009).